IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WEBER COUNTY, UTAH<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA, L.P., et al.,<br><br>Defendants. | **ORDER DENYING MOTION TO STAY**<br><br>Case No. 1:18-cv-00089-RJS<br><br>Judge Robert J. Shelby |

Defendants McKesson Corporation; Cardinal Health, Inc.; and AmerisourceBergen Corporation move the court to stay[1] all proceedings in this action—including consideration of Plaintiff's Motion to Remand for lack of subject matter jurisdiction.[2] These Defendants contend that in view of a pending motion to transfer this action to multidistrict litigation (MDL) before U.S. District Judge Dan Polster in the Northern District of Ohio, the court should stay the case to conserve the court's and parties' resources, avoid the specter of confusing and conflicting results between this court and the MDL court, and because no party will be notably prejudiced by a stay. For the reasons discussed below, the court disagrees, and DENIES without prejudice the Motion to Stay.[3]

Judicial Panel on Multidistrict Litigation (JPML) Rule 2.1(d) provides that a motion to transfer to an MDL does not impair this court's ability to determine Plaintiff's Motion to

---

[1] Dkt. 14 (Motion to Stay).

[2] Dkt. 6.

[3] In view of the court's expedited briefing schedule on Plaintiff's Motion for Remand (dkt. 12), and after careful review of the issues raised in the Motion to Stay, the court determined it did not require a response from Plaintiff to the Motion to Stay.

1

Remand.[4]  Still, the court retains discretion to control its docket and stay this proceeding if doing so serves judicial economy and the parties.[5]  The court concludes that under the circumstances here presented, neither the interests of justice nor judicial economy are served by staying this case pending determination of a potential MDL transfer.

First, subject matter jurisdiction is a critical threshold issue which the court nearly always scrutinizes at the outset of any case—whether raised by the parties or sua sponte.  "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[6]  There generally exists a presumption "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[7]  When "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss [or remand] the action."[8]

Defendant McKesson bore the burden to establish subject matter jurisdiction when it removed this action.  Its robust Notice of Removal[9] and the Plaintiff's quickly-filed Motion to Remand signaled that all parties well understood the central jurisdictional dispute from the start.  These circumstances, and the court's obligation to carefully evaluate its subject matter

---

[4] JPML Rule 2.1(d), *Pendency of Motion or Conditional Order,* states "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.  An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."

[5] *Clinton v. Jones,* 520 U.S. 681, 706-07 (noting district court's "broad discretion to stay proceedings as an incident to its power to control its own docket" might justify a stay of trial or discovery, but finding lengthy and categorical trial stay until after President Clinton left office that took no account of the plaintiff's interest in getting to trial was an abuse of discretion) (citations omitted); *see also Landis v. North American Co.*, 299 U.S. 254-55 (1936) ( "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.").

[6] *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.,* 693 F.3d 1195, 1201 (10th Cir. 2012) (citations omitted).

[7] *Id.* (citations omitted).

[8] *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc*., 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted).

[9] Dkt. 2.

jurisdiction, weigh heavily in favor of the court's prompt resolution of the Motion to Remand and denial of the Motion to Stay.

Second, it is simply unclear whether a stay would conserve the parties' resources, as Defendants urge. This factor thus does not weigh in favor of a stay. The parties have expertly framed in the flurry of filings to date the jurisdictional issue before the court, and briefing on the Motion to Remand under the court's expedited schedule will conclude soon.[10] If a stay were imposed pending a potential transfer, it seems it would do the parties little good to proceed in a distant forum where they will expend resources on this and other matters while awaiting an answer on this threshold issue. If federal jurisdiction is proper, then Defendants will have received an answer to their satisfaction as they await a determination on a possible MDL transfer.

Third, it is similarly unclear, though possible, that the court's resolution of the Motion to Remand may be inconsistent with some future jurisdictional ruling from Judge Polster as he presides over the MDL. Defendants identify three other cases wherein the issue central to the parties' jurisdictional dispute—whether state law causes of action with some basis in the federal Controlled Substances Act raises a federal question—"have transferred or may soon transfer to the MDL."[11] From Defendants' own briefing, it can only be discerned that one case is currently in the MDL—it was transferred without objection. Thus, while the court acknowledges some potential risk of inconsistencies with Judge Polster's determination of jurisdiction issues, this risk does not on the record before the court appear significant.

And that risk, in the court's view, cannot outweigh the possible prejudice to Plaintiff, should the case be transferred into the MDL without adequate jurisdictional grounds. If the

---

[10] Dkt. 12 (Docket Text Order setting briefing schedule).

[11] Dkt. 14 at 6 (using the party's pagination).

Motion to Remand is denied, then Defendants will have obtained a favorable ruling and can proceed in their efforts to join the MDL. But "staying this action and allowing transfer, for all intents and purposes, decides the jurisdictional issue against Plaintiff"[12]—at least for some undiscernible time.

    For these reasons, the Motion to Stay is DENIED without prejudice.

SO ORDERED this 31st day of July, 2018.

BY THE COURT

_____
Hon. Robert J. Shelby

---

[12] *Utah v. Eli Lilly and Co.*, 509 F.Supp.2d 1016, 1020 (D. Utah 2007) (denying defendant's motion to stay determination of the plaintiff's motion to remand pending submission of an application to the JPML to transfer the case to an already-existing MDL).